1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                      * * *
                                        )
9    LAURA LEIGH,                       )
                                        )
10              Plaintiff,              )              3:10-CV-0597-LRH-VPC
                                        )
11   v.                                 )
                                        )              ORDER
12   KEN SALAZAR, et al.,               )
                                        )
13              Defendants.             )
     _____)

14

15        Before the court are plaintiff Laura Leigh's ("Leigh") motion for a preliminary injunction

16   (Doc. #9[1]), amended motion for a temporary restraining order (Doc. #15), amended motion for a

17   preliminary injunction (Doc. #16), and motion to strike (Doc. #24).

18        Also before the court is defendants Bob Abbey, Ronald Wenker, and Ken Salazar's

19   (collectively "defendants") motion to strike. Doc. #26.

20   **I.    Facts and Background**

21        Plaintiff Laura Leigh ("Leigh") is a journalist and author who covers stories concerning

22   wild horses and their management by private agencies and the government including the Bureau of

23   Land Management ("BLM").

24        Defendant Ken Salazar ("Salazar") is the Director of the U.S. Department of the Interior.

25   _____

26        [1] Refers to the court's docketing number.

1   Defendant Bob Abbey ("Abbey") is the Director of the BLM. Defendant Ronald Wenker

2   ("Wenker") is the Nevada State Director of the BLM.

3          In September 2010, the BLM underwent a wild horse gather in Lincoln County, Nevada

4   within the Silver King Herd Management Area, known as the Silver King Wild Horse Gather

5   ("Silver King Gather"). The goal of the gather was to remove roughly 500 excess wild horses from

6   the area in order to bring the herds within the appropriate management levels and maintain a

7   thriving natural ecological balance.

8          On September 24, 2010, Leigh filed a complaint against defendants challenging the decision

9   of the BLM to limit and restrict her access to, and observation of, various aspects of the gather in

10  violation of the First Amendment. Doc. #1. Along with her complaint, Leigh filed a motion for a

11  temporary restraining order (Doc. #6) and a motion for a preliminary injunction (Doc. #9) seeking

12  to prevent the BLM from limiting her access to gather activities.

13         On September 27, 2010, the court denied Leigh's initial motion for a temporary restraining

14  order. Doc. #13. In its order, the court found that Leigh failed to establish that she was likely to

15  succeed on the merits of her First Amendment claim and that she would suffer irreparable harm in

16  the absence of injunctive relief because she made no showing that the BLM placed barriers on her

17  access to, and observation of, the Silver King gather. *Id*.

18         After the court's denial of her initial motion for a temporary restraining order, Leigh filed

19  the present amended motion for a temporary restraining order (Doc. #15) and amended motion for a

20  preliminary injunction (Doc. #16).[2] Defendants filed oppositions to the motions (Doc. ##20, 22) to

21  which Leigh replied (Doc. ##21, 25). In response to Leigh's replies, defendants filed their present

22  motion to strike arguing that Leigh raised several new arguments in her replies that were not in her

23  _____

24         [2] Leigh's amended motion for a preliminary injunction (Doc. #16) supersedes her initial motion for a
    preliminary injunction (Doc. #9) in its entirety. Therefore, the court shall deny Leigh's initial motion for a

25  preliminary injunction (Doc. #9) as moot because the amended motion is now the operative motion for a
    preliminary injunction.

26

1   amended motions. Doc. #26.

2       After Leigh filed her amended motions, defendants filed a notice with the court that the

3   BLM had completed the Silver King Gather. Doc. #24. In response, Leigh filed her motion to strike

4   the notice as an impertinent filing. Doc. #24.

5       On November 16, 2010, the court held an evidentiary hearing on the motion for a

6   preliminary injunction (Doc. #9), amended motion for a temporary restraining order (Doc. #15),

7   and amended motion for a preliminary injunction (Doc. #16). Doc. #35. At the hearing, the court

8   heard evidence concerning Leigh's access to the Silver King Gather and her treatment by the BLM.

9   At the conclusion of the hearing, the parties requested further briefing on the motions for injunctive

10  relief which the court granted. *Id*. Thereafter, the parties filed supplemental briefing on the motions

11  for injunctive relief. *See* Doc. ##38, 39, 40, 41.

12  **II.   Amended Motions for a TRO and Preliminary Injunction (Doc. ##15, 16)**

13      **A.  Legal Standard**

14      The same legal standard applies to both temporary restraining orders and preliminary

15  injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v.*

16  *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to

17  temporary restraining orders and preliminary injunctions is "substantially identical").

18      A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear

19  showing that the plaintiff is entitled to such relief." *Winters v. Natural Res. Def. Council*, 129 S.

20  Ct. 365, 376 (2008) (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A court

21  may grant a preliminary injunction upon a showing of: (1) irreparable harm to the petitioning party;

22  (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest;

23  and (4) the likelihood of petitioner's success on the merits. *See Winters*, 129 S. Ct. at 376 (citations

24  omitted).

25      Generally, "[t]he sine qua non of [a court's injunctive] inquiry is likelihood of success on

26

3

1  the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the

2  remaining factors become matters of idle curiosity." *New Comm Wireless Services, Inc. v.*

3  *SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). However, a plaintiff may be awarded a preliminary

4  injunction by establishing "that serious questions going to the merits were raised and the balance of

5  hardships tips sharply in the plaintiff's favor" so long as the plaintiff satisfies the additional *Winters*

6  factors including irreparable harm. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th

7  Cir. 2010).

8        To establish irreparable harm, a plaintiff must show that an irreparable injury is *likely*, not

9  merely *possible*, before a preliminary injunction may be issued. *American Trucking Ass'ns v. City*

10  *of Los Angeles*,  F.3d 1046, 1052 (9th Cir. 2009) (reversed on other grounds *American Trucking*

11  *Ass'ns v. City of Los Angeles*, 596 F.3d 602 (9th Cir. 2010)) (emphasis added).

12      **B.  Discussion**

13        In her amended motions, Leigh requests two categories of injunctive relief. The first

14  category of injunctive relief is an injunction preventing defendants from precluding her from

15  attending and observing the Silver King Gather. The second category of relief is an affirmative

16  injunction requiring defendants to provide her with access to care facilities and internal agency

17  information and to create a system to track individual wild horses collected during gather activities.

18  The court shall address each category of requested injunctive relief below.

19      **1. Access to the Silver King Gather**

20        The court has reviewed the documents and pleadings on file in this matter, and taken into

21  full consideration the arguments and evidence presented at the November 16, 2010 evidentiary

22  hearing, and finds that Leigh is not entitled to her requested injunctive relief. Initially, the court

23  notes that Leigh's motions for injunctive relief as they relate to access to the Silver King Gather are

24  moot: because the gather has been completed, there is no conduct to enjoin. *See* Doc. #37,

25  November 16, 2010 Hearing Transcript, p.5:20-22 ("I view the injunctive relief as moot because

26

        4

there's nothing left for the court to enjoin.").

Additionally, even if the requested injunctive relief was not moot, Leigh has failed to establish that she is likely to succeed on the merits of her complaint. Leigh's underlying complaint alleges a First Amendment violation; namely, that defendants have a policy to exclude and deny her access from the Silver King Gather while at the same time treating other members of the media more favorably. *See* Doc. ##15, 16. However, Leigh has made no showing that she was denied access to the Silver King Gather, or that other members of the media were treated more favorably. Leigh has not proven that she was denied access to gather activities or that other members of the media received special treatment. Rather, the evidence before the court established that Leigh was provided comparable access to, and observation of, the Silver King Gather as other members of the public and media. Therefore, based on the record before the court, the court finds that Leigh has failed to establish that she is entitled to her requested injunctive relief concerning access to the Silver King Gather. Accordingly, the court shall deny Leigh's amended motions as to this category of requested injunctive relief.

### 2. Affirmative Relief

Besides an injunction to prevent the defendants from precluding her from gather activities, Leigh also requests the court order affirmative injunctive relief including: (1) requiring defendants to provide her with access to the loading and shipping of wild horses at all BLM conducted wild horse gathers; (2) requiring defendants to provide her with access to all wild horse care and training facilities throughout the United States, regardless of whether the facilities are public or private, including certain Bureau of Prisons training facilities; (3) requiring defendants to provide her with uncensored access to all internal documentation concerning BLM conducted gather activities; and (4) requiring defendants to create a system to individually track all wild horses collected at gather activities and provide her access to the newly created tracking system. *See* Doc. ##15, 16.

Where, as here, a party seeks "relief that goes well beyond maintaining the status quo

1    *pendente lite*, the court should be extremely cautious about issuing a preliminary injunction."
2    *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1219 (9th Cir. 1999).

3           The court has reviewed the documents and pleadings on file in this matter and finds that
4    Leigh is not entitled to her requested affirmative injunctive relief. Leigh has made no showing that
5    she is likely to succeed on the merits of her First Amendment claim as it relates to access to
6    facilities, agency information, or the creation of a tracking system. Leigh has provided the court
7    with no legal authority supporting her contentions that her First Amendment rights are violated by
8    denying her access to the wild horses after gather activities have been completed. Nor has Leigh
9    presented the court with any legal authority that a person's First Amendment rights are violated
10   when they are denied access to private institutions or internal agency information. Finally, Leigh
11   has provided the court with no legal authority that the lack of a tracking system and related
12   information is a violation of her First Amendment rights. Therefore, based on the lack of legal
13   authority supporting Leigh's contentions, the court finds that she is not likely to succeed on the
14   merits of her complaint.

15          Additionally, a court must ensure that an injunction is "tailored to eliminate only the
16   specific harm alleged." *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir.
17   1992) (citation omitted). Here, Leigh's complaint alleges disparate treatment by the defendants in
18   comparison with other members of the media. *See* Doc. ##15, 16. However, Leigh has made no
19   showing that other members of the media were provided access to the loading and shipping of wild
20   horses, the care and training facilities, or internal agency information. Further, no showing has been
21   made that other members of the media were provided a way to track collected horses as they were
22   moved to different training and care facilities. Therefore, because Leigh has failed to establish
23   disparate treatment as it relates to her requested relief, the court cannot grant her relief. Moreover,
24   her requests are overly broad and unsupported by legal authority. *See E. & J. Gallo Winery*, 967
25   F.2d at 1297. Accordingly, the court shall deny Leigh's amended motions for injunctive relief.

26

**III.     Leigh's Motion to Strike (Doc. #24)**

Leigh requests the court strike defendants' notice to the court about the completion of the Silver King Gather (Doc. #23). Doc. #24. The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The court finds that there is nothing "redundant, immaterial, impertinent, or scandalous" in defendants' notice that the BLM had completed gather activities. Accordingly, the court shall deny Leigh's motion to strike.

**IV.     Defendants' Motion to Strike (Doc. #26)**

Defendants request the court strike the reply briefs to Leigh's amended motions because she raised new arguments that were not initially raised in her amended motions. *See* Doc. #26.

Generally, arguments and issues raised for the first time in a reply brief are waived. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). However, the court finds that the arguments raised in the reply, namely Leigh's treatment at the Silver King Gather, is a direct response to defendants' arguments raised in their opposition that they provided Leigh, and all members of the public, access to the gather. Therefore, the court finds that the replies do not improperly raise new arguments. Accordingly, the court shall deny defendants' motion to strike.


IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction (Doc. #9) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's amended motion for a temporary restraining order (Doc. #15); amended motion for a preliminary injunction (Doc. #16); and motion to strike (Doc. #24); and defendants' motion to strike (Doc. #26) are DENIED.

IT IS SO ORDERED.

DATED this 13th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE